# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE L. GOOD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-15-308-D ) ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) ) |

## **O R D E R**

Before the Court is Plaintiff's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. No. 21]. Defendant, the Acting Commissioner of Social Security ("the Commissioner"), does not object to Plaintiff's application [Doc. No. 22].

On December 4, 2015, the Court issued an Order and Judgment, reversing the Commissioner's denial of Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income and remanding for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [Doc. Nos. 19, 20]. Pursuant to these rulings, Marianna E. McKnight, attorney for Plaintiff, timely filed an Application for Award of Attorney's Fees, requesting an award of attorney's fees in the amount of $6,222.40.

The EAJA awards attorney fees to a prevailing party in a Social Security Disability case when the United States took a position that was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Specifically, 28 U.S.C. § 2412(d) provides:

> a court shall award to a prevailing party other than the United States fees and other expenses…incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id*. In addition, a party seeking an award of fees shall, within thirty days of final judgment in the action, submit to the court an application for fees that shows the party is a prevailing party and is eligible to receive an award under this subsection, along with the amount sought, "including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." *Id*. § 2412(d)(1)(B).

Plaintiff's application asserts she is the prevailing party, and Plaintiff's counsel has attached to the Motion for Fees an itemized statement stating the actual time expended and the rate at which fees were computed. These matters are unopposed by the Commissioner. Having considered the record in this case, the Court finds the Commissioner's position below was not substantially justified, that Plaintiff is entitled to an award of attorney's fees under the EAJA, that the requested attorney's

fees are reasonable, and that Plaintiff's unopposed Application for Award of Attorney's Fees should be granted.

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Application for Award of Attorney's Fees [Doc. No. 22] is **GRANTED**, and Plaintiff is awarded attorney's fees in the amount of $6,222.40.

IT IS FURTHER ORDERED that the attorney fee award shall be made payable to Plaintiff and mailed to Plaintiff's attorney pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 586 (2010) and *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

**IT IS SO ORDERED** this 19th day of January, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE